IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:13-CV-2-H

TOMMY DAVIS CONSTRUCTION )
INC., )
                                  )
    Plaintiff, )
                                  )
    v. )    **ORDER**
                                  )
CAPE FEAR PUBLIC UTILITY )
AUTHORITY and NEW HANOVER )
COUNTY, )
                                  )
    Defendants. )

This matter is before the court on parties' cross-motions for summary judgment [DE #20, #31]. The appropriate responses have been filed. This matter is ripe for adjudication.

**PROCEDURAL HISTORY**

Plaintiff brought suit in the Superior Court of New Hanover County, North Carolina, on December 2, 2011, alleging state and federal constitutional claims for ultra vires, substantive due process, and equal protection. Plaintiff amended his complaint to include defendant New Hanover County on December 4, 2012. On January 3, 2013, defendant New Hanover County petitioned to remove to this court based upon the federal constitutional claims of substantive due process and equal protection.

On September 26, 2013, plaintiff moved for summary judgment, to which defendants responded in opposition and plaintiff replied. On September 30, 2013, defendants moved for summary judgment, to which plaintiff responded. On November 20, 2013, the parties jointly moved to stay the pending motions for summary judgment to allow time for settlement negotiations. This motion was allowed, but no settlement was ultimately reached. The stay upon the instant motions was lifted by order on January 14, 2014.

**STATEMENT OF FACTS**

Plaintiff is a North Carolina corporation in the business of building residential homes. Plaintiff developed the subdivision Becker Woods at the Cape ("Becker Woods"), consisting of twenty-nine lots for single-family residential homes. Becker Woods is located in the southern part of New Hanover County, outside the incorporated areas of the City of Wilmington.

Defendant Cape Fear Public Utility Authority ("CFPUA") is a water and sewer authority that provides services in New Hanover County. It was created in 2007 by consolidating county and city governments' independent water and sewer systems. While CFPUA is authorized to provide services throughout all of New Hanover County, portions of the county are served by private water and

sewer companies or wells and septic systems. Becker Woods is and always has been serviced by the private provider Aqua North Carolina Inc. ("Aqua NC"). Aqua NC was and is the only provider of water and sewer services in the subdivisions surrounding Becker Woods.

Defendant New Hanover County ("the County") created and maintained New Hanover County Water and Sewer District ("NHCWSD") before CFPUA came into existence. NHCWSD provided water and sewer services in the unincorporated areas of the County. NHCWSD's service area included the Becker Woods area. The County enacted various ordinances applicable to those properties within NHCWSD's jurisdiction. One such ordinance created a "facility fee"[1] for residential units due at the time of building permit application.

Plaintiff began development of Becker Woods in 2004. As part of this process, plaintiff submitted New Hanover County Building Permit Applications. At the time plaintiff applied for a building permit, the County issued Engineering Fee Sheets, which contained charges for impact fees for each applicable property pursuant to the County Ordinances. Plaintiff initially disputed these impact fees, arguing that the Becker Woods properties were to be connected to the Aqua NC wastewater

---

[1] This was also known as an "impact fee" in other versions of the ordinance.

3

system. However, plaintiff eventually paid the impact fees, received its building permits, and developed Becker Woods.

NHCWSD and its successor, CFPUA, used the impact fees paid by plaintiff and other developers to expand its wastewater infrastructure with the goal of providing expanded service coverage in the unincorporated areas of the County. NHCWSD and CFPUA have been planning to provide services to those areas, which include Becker Woods, since 1976. CFPUA has yet to expand sewer service to Becker Woods.

## COURT'S DISCUSSION

### I.  Standard of Review

Summary judgment is appropriate pursuant to Rule 56 of the Federal Rules of Civil Procedure when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for

4

trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. The evidence must also be such that a reasonable jury could return a verdict for the non-moving party. Id. at 248. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

## II. Analysis

Plaintiff claims that the assessment of impact fees was not a reasonable exercise of defendants' powers, but an ultra vires act beyond their statutory authority. "An act by a private or

5

municipal corporation is *ultra vires* if it is beyond the purposes or powers expressly or impliedly conferred upon the corporation by its charter and relevant statutes and ordinances." Rowe v. Franklin County, 349 S.E.2d 65, 68-69 (N.C. 1986); see also Craig v. County of Chatham, 565 S.E.2d 172, 175 (N.C. 2002) ("[Counties] are instrumentalities of state government and possess only those powers the General Assembly has conferred upon them.").

Impact fees require a developer to pay a substantial capital fee upon the issuance of a building permit, and the local government then uses the proceeds of the fees for water and sewer infrastructure. North Carolina grants county water and sewer boards the power to "establish, revise and collect rates, fees or other charges and penalties for the use of or the services furnished or to be furnished by any sanitary sewer system, water system or sanitary sewer and water system of the district." N.C. Gen. Stat. § 162A-88.

The statutory authorization for assessing fees "for services 'to be furnished' is *not* limited to the financing of maintenance and improvements of *existing* customers." McNeill v. Harnett County, 398 S.E.2d 475, 485 (N.C. 1990) (quoting N.C. Gen. Stat. § 162A-88). However, "such fees will not be upheld

6

if they are unreasonable." Homebuilders Ass'n v. City of Charlotte, 442 S.E.2d 45, 51 (N.C. 1994).

**A.   Statute of Limitations**

As an initial matter, the parties dispute which statute of limitations applies to this ultra vires claim and whether plaintiff's claims are untimely due to the statute of limitations or laches. North Carolina enumerates several statutes of limitations for different types of claims, finally listing a catchall time of ten years for any non-listed claims. N.C. Gen. Stat. § 1-56. See also N.C. Gen. Stat. §§ 1-52, 1-53 (statute of limitations for a claim based upon a statute is three years, and for contracts it is two years).

North Carolina courts have held that ultra vires claims for charging fees without statutory authority have a ten-year statute of limitations. Amward Homes, Inc. v. Town of Cary, 698 S.E.2d 404, 419-20 (N.C. Ct. App. 2010), aff'd 716 S.E.2d 849 (N.C. 2011); see also Durham Land Owners Ass'n v. County of Durham, 630 S.E.2d 200, 208 (N.C. Ct. App. 2006), writ denied, review denied, 633 S.E.2d 678 (N.C. 2006) (recognizing that claim for a county's ultra vires acts is not a contract-based claim). Thus, the shorter statutes of limitations do not apply in this case.

7

Plaintiff filed his claim well within the ten-year statute of limitations. Nonetheless, defendants also assert the doctrine of laches should block his claim. However, "equity will not bar relief on the ground of laches except upon special facts demanding exceptional relief," Howell v. Alexander, 165 S.E.2d 256 (1969), and defendants have not demonstrated the necessity of such exceptional relief.

**B.  Ultra Vires**

As to plaintiff's underlying claim of ultra vires, the parties dispute centers upon whether the impact fee charged upon issuance of the building permit for Becker Woods was for services "to be furnished," as authorized by statute.[2] Defendants rely heavily on McNeill for the assertion that they could charge developers in areas within their jurisdiction for services to be furnished when water and sewer service is not yet available. McNeill, 398 S.E.2d at 485.

In McNeill, the county and sewer district defendants were sued by plaintiff property owners seeking to avoid the county's ordinance requiring connection to the sewer system. McNeill, 398 S.E.2d at 477. The county held a public hearing concerning

---

[2] The parties also disagree about whether there were valid ordinances to allow defendants to charge the impact fee in this case. The court need not reach this question because to the extent any "general, special or local laws" are inconsistent with N.C. Gen. Stat. § 162A-88, they are inapplicable pursuant to N.C. Gen. Stat. § 162A-89.

8

financing the proposed sewer system on March 15 1982, in response to a finding of unsanitary conditions requiring such a system. The county raised local funds, in part, by charging a fee to landowners before the sewer system was constructed. The system was then constructed, and completed by 1984, when additional user fees and connection charges were assessed. Id. Regarding the early fee imposed before the sewer system was built, the court found that the fee was valid pursuant to N.C. Gen. Stat. § 162A-88 as a fee for a service "to be furnished," where indeed the sewer system was completed for the landowners within two years of payment. Id. at 485.

In stark contrast to McNeill, defendants in the instant matter have been developing "plans" to provide water and sewer services to the southern portion of New Hanover County, which includes Becker Woods, since 1976. As plaintiff points out, these plans are at best vague, and some plans even indicate that water and sewer services will not need to be provided by the government because service is already available through Aqua NC. (See Pl.'s Ex. 16 at 7, Ex. 15 at C00386.) Defendants have not taken concrete steps to actually provide water and sewer services to Becker Woods. As of the time of filing the instant motions, Aqua NC continued to provide services to Becker Woods, eight years after plaintiff paid the impact fees, and Aqua NC

9

intends to continue to provide those services. Aqua NC is unaware of any plan by any other entity, including defendants, to ever provide water and sewer services to Becker Woods or any other areas in southern New Hanover County that are serviced by Aqua NC. (Pl.'s Ex. 23, Roberts Aff.)

Because no clear steps have been taken over the past decade since Becker Woods was first permitted for defendants to provide water and sewer services, the assessment of impact fees was not a reasonable exercise of defendants' powers, but an ultra vires act beyond their statutory authority. See Rowe, 349 S.E.2d at 68-69.

### C. Remedy

The appropriate remedy for an ultra vires fee charge is to refund the fees. Durham Land Owners Ass'n, 630 S.E.2d at 207 (citing Smith Chapel Baptist Church v. City of Durham, 517 S.E.2d 874, 883 (N.C. 1999) (holding "that plaintiffs are entitled to a full refund of the illegally collected fees")). Additionally, pre-judgment interest is appropriate to assess in cases, such as this one, where a municipality is engaged in a proprietary function. Id. at 208. The applicable pre-judgment interest rate is 6% per annum. N.C. Gen. Stat. § 153A-324.

Plaintiff paid defendants $34,268.96 in impact fees upon issuance of its building permit for Becker Woods, thus it is

entitled to a refund of that amount.[3] The last payment was made on July 13, 2006, thus prejudgment interest shall accrue from that date to the date of entry of this order.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion for summary judgment is GRANTED [DE #20], and defendants' motion for summary judgment is DENIED [DE #31]. Plaintiff is awarded $34,268.96, together with pre-judgment interest at the rate of 6% per annum on that amount from July 13, 2006, until the date judgment is entered hereon. Upon entry of judgment, interest shall continue to accrue at the federal, post-judgment rate until the judgment is satisfied. The clerk is directed to enter judgment accordingly and to close this case.[4]

---

[3] In the amended complaint the total amount of fees alleged was $34,236.06. However, the total of $34,308.96 was alleged on summary judgment to be the correct amount. The court's examination of the underlying documentation of fees is that the fees total to a cost of $40 less than what plaintiff alleges on summary judgment. (Pl.'s Ex. 6.) $1,529.55 + $1,341.90 + $1,374.98 + $1,529.55 + $1,366.20 + $1,383.08 + $1,383.75 + $1,532.25 + $1,593.00 + $1,518.75 + $1,383.75 + $36.45 + $36.45 + $1,532.25 + $1,532.25 + $1,383.75 + $1,417.50 + $1,383.75 + $1,552.50 + $1,417.50 + $1,559.80 + $1,552.50 + $1,620.00 + $1,687.50 + $1,620.00 = $34,268.96. Defendants do not contest the amount of fees paid by plaintiff, as evidenced by New Hanover County Fee Sheets attached to plaintiff's motion.

[4] Plaintiff also indicated in its motion for summary judgment that it seeks attorney's fees and costs. Costs may be sought by application in accordance with the local rules after entry of judgment. Local Civ. R. 54.1. Attorney's fees may be sought by motion in accordance with Rule 54(d) of the Federal Rules of Civil Procedure.

11

This  7TH  day of July 2014.

                                              MALCOLM J. HOWARD
                                              Senior United States District Judge

At Greenville, NC
#33