IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO.: 7:13-CV-2-H

TOMMY DAVIS CONSTRUCTION INC.,

    Plaintiff,

v.

CAPE FEAR PUBLIC UTILITY AUTHORITY and NEW HANOVER COUNTY,

    Defendants.

**ORDER**

This matter is before the court on plaintiff's motion for attorney fees and nontaxable costs [DE #53]. Defendant responded and plaintiff replied. This matter is ripe for adjudication.

**BACKGROUND**

Plaintiff is a North Carolina corporation in the business of building residential homes. Defendant Cape Fear Public Utility Authority ("CFPUA") is a water and sewer authority that provides services in New Hanover County. It was created in 2007 by consolidating county and city governments' independent water and sewer systems. Defendant New Hanover County ("the County") created and maintained New Hanover County Water and Sewer District ("NHCWSD") before CFPUA came into existence. NHCWSD

provided water and sewer services in the unincorporated areas of the County. The County created a "facility fee"[1] for residential units due at the time of building permit application.

On July 8, 2014, the court granted summary judgment for plaintiff, based upon the determination that defendants had acted ultra vires by charging that facility fee for sewer services to be rendered, but failing to render those services or take concrete steps to do so.

## COURT'S DISCUSSION

The court first examines whether attorney fees are appropriate to award in this case. Plaintiff seeks attorney's fees pursuant to N.C. Gen. Stat. § 6-21.7. According to that statute, attorney's fees are discretionary "in any action in which a city or county is a party, upon a finding by the court that the city or county acted outside the scope of its legal authority." N.C. Gen. Stat. § 6-21.7. In this case the county is a defendant who was found to act outside the scope of its legal authority. The court need not reach the issue raised by defendant CFPUA, and apparently untested in North Carolina case law, as to whether it could be liable for attorney's fees independently of the county. See, e.g., Izydore v. City of

---

[1] This was also known as an "impact fee" in other versions of the ordinance.

2

Durham, 746 S.E.2d 324 (N.C. App. 2013), review denied, 749 S.E.2d 851 (N.C. 2013).

Attorney's fees are mandatory if the court makes an additional finding "that the city's or county's action was an abuse of its discretion." Id. An abuse of discretion may be found when the county's action was so unreasonable as to not be the result of a reasoned decision. Etheridge v. County of Currituck, 762 S.E.2d 289 (N.C. App. 2014). In this case, there is not enough evidence to find abuse of discretion. Thus, the award of attorney's fees is discretionary, not mandatory.

Having decided that the court has discretion to award fees in this case, the court now turns to the issue of what attorney fee is reasonable. In determining the reasonable rate and reasonable number of hours in calculating the lodestar, the court is guided by the following twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Rum Creek Coal Sales, Inc. v. Caperton, 31 F.3d 169, 175 (4th Cir. 1994).

3

The court has carefully reviewed the documentation provided. In consideration of all of the lodestar factors, the court finds that a fee award of $20,000.00 plus nontaxable costs of $270.00 are appropriate.

**CONCLUSION**

For the foregoing reasons, plaintiff is awarded $20,270.00 in attorney's fees and costs. Upon entry of judgment, interest shall continue to accrue at the federal, post-judgment rate until the judgment is satisfied. The clerk is directed to enter judgment accordingly.

This 2nd day of October 2014.

MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#33